IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDUJAR MILLER and RASOUL NICHOLSON, Individually and For Others Similarly Situated,<br><br>v.<br><br>LEIDOS, INC. | Case No. 1:24-CV-931(PTG/LRV) |

**PLAINTIFFS' REPLY IN SUPPORT
OF LEAVE TO FILE ADDITIONAL SUPPLEMENT**

Leidos seeks to prevent Plaintiffs from offering proof that its straight time for overtime pay plan is systematically applied to Leidos employees regardless of staffing company or job position. But despite Leidos' insistence to the contrary, the Court has **not** limited the scope of this matter; in fact, the Court requested supplementation specifically to inform upon the proper scope of the putative class. Because Plaintiffs' supplement offers substantive proof that the scope of the putative class is not as narrow as Leidos would have the Court believe, Plaintiffs respectfully request the Court grant leave so that supplemental materials may be filed in support of Plaintiffs' Motion for Conditional Certification.

**The Supplement Proves the Common Policy**

Leidos asserts Plaintiffs' request must be denied because Plaintiffs seek to offer documents that don't support the "sprawling class" outside of trainers. Doc. 130 at ¶ 2. Not so. Plaintiffs' supplement (Doc. 122-1) demonstrates exactly what Leidos has been trying to hide for the entirety of this litigation: Leidos' straight time for overtime pay policy applied to non-Trainer positions and to Leidos' various staffing companies. *See* Doc. 122-1 at 1-2. Plaintiffs' exhibits conclusively show that Leidos' policy was not limited by facility or position; and neither should the putative class be. Because

1

Plaintiffs' additional supplement directly contravenes Leidos' representations, the Court should grant Plaintiffs leave so relevant documents may be properly in front of the Court.

### Leidos Failed to Justify why the Scope Should be Limited

Although the Parties have conducted months of briefing and discovery on the scope of the putative class, Leidos has failed to provide any evidence supporting its position that the scope of the putative class should be limited to the five staffing companies Plaintiffs have provided declarations for. And make no mistake, if Leidos could provide evidence to the contrary, it would have. Instead, Leidos has attempted to avoid relevant discovery in this matter as a way to strong-arm Plaintiffs into a narrower collective. But, as Plaintiffs have demonstrated through additional third-party discovery, Leidos' policy is not so limited.

### Leidos Doesn't Want the Court to Learn of Straight Time Positions

Leidos has engaged in a scheme to obstruct discovery since the inception of this lawsuit, forcing Plaintiffs to file a motion to compel simply to receive responsive documents. *See* Doc. 50. Even worse, Leidos has obstructed Plaintiffs' attempts to obtain third-party discovery from its staffing companies, including by having a meeting discussing this litigation with one of its staffing companies, MedSys, on May 23, 2024—**four months before** Plaintiffs served MedSys with a subpoena to produce documents.

```
-----Original Appointment-----
From: Lovingood, James D. Jr. [US-US] <James.D.Lovingood@leidos.com>
Sent: Thursday, May 23, 2024 12:50 PM
To: Lovingood, James D. Jr. [US-US]; Lovingood, James D. Jr. [US-US]; Kehoe, Paul H. [US-US];
Nancy Ellefson; Bailey Williams; Nancy Ellefson; Bailey Williams
Cc: Zagar, Cathy A. [US-US]
Subject: Leidos - MedSys Introductions
When: Thursday, May 23, 2024 4:00 PM-4:30 PM (UTC-05:00) Eastern Time (US & Canada).
Where: Microsoft Teams Meeting

This meeting make introductions and to discuss the DHMSM Program and Overtime
payment.

Please let me know if this time does not work and I will move to next week.
```

Ex. 1, Leidos Meeting with MedSys.

Leidos has had months to prove conclusively that its straight time for overtime pay policy doesn't apply across subcontractor companies and job titles. It hasn't. Instead, it has repeatedly attempted to block Plaintiffs' efforts to engage in discovery (with Leidos and with third parties) to prevent documents being produced and shown to the Court. The reason is simple: the documents Plaintiffs seek to produce prove that Leidos' pay policy was far reaching and applied to more than the limited class Leidos wishes to restrict notice to. Accordingly, the Court should authorize Plaintiffs to file their Additional Supplement regarding the scope of the FLSA collective.

WHEREFORE, Plaintiffs respectfully request the Court grant their Motion for Leave to File Additional Supplemental Briefing.

**Dated: November 15, 2024**            Respectfully submitted,

By: */s/ Zev H. Antell*
   **Harris D. Butler, III** (VSB No. 26483)
   **Craig J. Curwood** (VSB No. 43975)
   **Zev H. Antell** (VSB No. 74634)
   **Samantha R. Galina** (VSB No. 96981)
   **BUTLER CURWOOD, PLC**
   140 Virginia Street, Suite 302
   Richmond, Virginia 23219
   Tel: 804-648-4848
   Fax: 804-237-0413
   Email:
   harris@butlercurwood.com
   craig@butlercurwood.com
   zev@butlercurwood.com
   samantha@butlercurwood.com

   **Michael A. Josephson**
   PA Bar No. 308410
   **Andrew W. Dunlap**
   Texas Bar No. 24078444
   **Alyssa J. White**
   Texas Bar No. 24073014
   **JOSEPHSON DUNLAP, LLP**
   11 Greenway Plaza, Suite 3050
   Houston, Texas 77046
   Tel: (713) 352-1100

3

      Fax: (713) 352-3300
      mjosephson@mybackwages.com
      adunlap@mybackwages.com
      awhite@mybackwages.com

      **Richard J. (Rex) Burch**
      Texas Bar No. 24001807
      **BRUCKNER BURCH PLLC**
      11 Greenway Plaza, Suite 3025
      Houston, Texas 77046
      713-877-8788 – Telephone
      713-877-8065 – Facsimile
      rburch@brucknerburch.com

      **ATTORNEYS IN CHARGE FOR PLAINTIFFS AND PUTATIVE CLASS MEMBERS**

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing document on all parties and/or their counsel of record via this Court's ECF electronic filing system on November 15, 2024, in accordance with the Federal Rules of Civil Procedure.

      */s/ Zev H. Antell*
      **Zev H. Antell**

## CERTIFICATE OF CONFERENCE

I hereby certify that prior to filing the instant Motion, I conferred with Counsel for Defendant. Counsel for Defendant indicated Defendant is opposed to the relief sought herein, necessitating the filing of the instant Motion.

      */s/ Zev H. Antell*
      **Zev H. Antell**