IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ANDUJAR MILLER, *et al.*, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-931 (PTG/LRV) |
| | ) |
| LEIDOS, INC., | ) |
| | ) |
| *Defendant.* | ) |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice (Dkt. 29, "Motion for Conditional Certification"); Plaintiffs' Motion to Exclude Declaration of Cathy Zagar (Dkt. 94); and Plaintiffs' Motion for Leave to File Additional Supplement (Dkt. 121). This matter has been fully briefed. The Court grants Plaintiffs' Motion for Leave to File Additional Supplement (Dkt. 121) as well as Defendant's request (Dkt. 130) for the Court to consider the proposed opposition to Plaintiffs' Supplement.[1] For the reasons stated below, the Court grants in part and denies in part Plaintiffs' Motion for Conditional Certification (Dkt. 29) and denies without prejudice Plaintiffs' Motion to Exclude Declaration of Cathy Zagar (Dkt. 94).

## I. BACKGROUND

Defendant Leidos is a corporation, headquartered in Virginia, that holds contracts with civilian and defense agencies. Dkt. 1 ("Compl.") ¶¶ 29, 45. One of these contracts is the Defense

---

[1] On November 5, 2024, Plaintiffs moved to file additional supplemental briefing on the scope of the class and attached their proposed supplemental brief as an exhibit to the motion. Dkt. 121; Dkt. 122-1, Exh. 1. Defendant opposes Plaintiffs' motion to file additional supplemental briefing but also attached a proposed opposition brief to Plaintiffs' proposed supplemental brief. Dkt. 130; Dkt. 130-4, Exh. 4.

Healthcare Management System Modernization ("DHMSM") contract with the Department of Defense. *Id.* ¶ 46. Plaintiff Andujar Miller worked as a Deployment Trainer for Leidos in Virginia. *Id.* ¶¶ 16, 17. Plaintiff Rasoul Nicholson worked as a Training Specialist II for Leidos in Virginia. *Id.* ¶¶ 19, 20. Plaintiffs and other workers were staffed to Leidos by various intermediary companies, to whom Leidos refers as "subcontractors." *See* Dkt. 30-3 ¶ 3; Dkt. 30-4 ¶ 3; Dkt. 30-5 ¶ 3; Dkt. 30-6 ¶ 3; Dkt. 30-7 ¶ 3; Dkt. 30-8 ¶ 3; Dkt. 30-9 ¶ 3; Dkt. 30-10 ¶ 3; Dkt. 30-11 ¶ 3; Dkt. 30-12 ¶ 3; Dkt. 30-13 ¶ 3; Dkt. 35 at 3. These intermediary companies include, among others, ALKU/Holland Square, ECCO Select, BlueRidge, NetVision and Bridgemore. Dkt. 30-3 ¶ 3; Dkt. 30-4 ¶ 3; Dkt. 30-5 ¶ 3; Dkt. 30-6 ¶ 3; Dkt. 30-7 ¶ 3; Dkt. 30-8 ¶ 3; Dkt. 30-9 ¶ 3; Dkt. 30-10 ¶ 3; Dkt. 30-11 ¶ 3; Dkt. 30-12 ¶ 3; Dkt. 30-13 ¶ 3; Dkt. 89-1 ¶ 3; Dkt. 89-2 ¶ 3; Dkt. 130-4 (stating that Defendant concedes that, if the Court finds that conditional certification of the proposed class is appropriate, Plaintiffs' evidence supports the following class: "(a) Trainers, (b) working for [ALKU/Holland Square, ECCO Select, BlueRidge, NetVision and Bridgemore], (c) on the DHMSM contract").

Plaintiffs allege that Defendant Leidos refused to pay Plaintiffs and other employees overtime wages for time worked in excess of forty (40) hours per week, in violation of the Fair Labor Standards Act ("FLSA"). Compl. ¶ 11. In their Motion for Conditional Certification (Dkt. 29), Plaintiffs seek conditional certification of a class comprised of all employees who suffered the aforementioned alleged FLSA violations at the hands of Defendant. Dkt. 30 at 1.

On September 19, 2024, the Court heard oral argument on Plaintiffs' Motion for Conditional Certification (Dkt. 29). Dkt. 82. The Court indicated that it was inclined to grant the motion, but it was undecided on what the scope of the class would be. To that end, the Court ordered that the parties submit supplemental briefing on the scope of the class. In its brief in

opposition (Dkt. 35) to Plaintiffs' Motion for Conditional Certification, Defendant included the Declaration of Cathy Zagar (Dkt. 35-1), which Plaintiffs seek to exclude.

## II. ANALYSIS

### A. Motion for Conditional Certification

FLSA provides for collective actions which permit plaintiffs to sue on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b). "FLSA class certification under Section 216(b) requires (1) that the plaintiffs are 'similarly situated,' and (2) that the plaintiffs included in the class 'opt-in' by filing with the court consents to join the suit." *Houston v. URS Corp.*, 591 F. Supp. 2d 827, 831 (E.D. Va. 2008) (quoting *Choimbol v. Fairfield Resorts, Inc.*, 475 F. Supp. 2d 557, 562 (E. D. Va. 2006)). Federal courts have developed a two-step analysis for determining whether the plaintiffs of a collective action are similarly situated. The first step is the "notice stage" and the second is the "decertification stage." *Midkiff v. Anthem Cos., Inc.*, 640 F. Supp. 3d 486, 492 (E.D. Va. 2022).[2]

At the notice stage, the court must determine whether there is sufficient evidence to reasonably conclude that "the proposed class members are similarly situated enough to conditionally certify the collective action and provide the potential class members with initial notice of the action." *URS Corp.*, 591 F. Supp. 2d at 831. This is a "'fairly lenient'" inquiry requiring only "minimal evidence." *Choimbol*, 475 F. Supp. 2d at 562 (citation omitted). Mere

---

[2] Contrary to Defendant's urging, the Court declines to depart from the two-step approach followed by "a litany of other courts within the Fourth Circuit" to adopt the approach set forth by the Fifth Circuit in *Swales v. KLLM Transp. Servs., LLC*, 985 F.3d 430 (5th Cir. 2021). *Hernandez v. KBR Servs., LLC*, No. 3:22-cv-530, 2023 WL 5181595, at *6 (E.D. Va. Aug. 11, 2023) (quoting *Thomas v. Maximus, Inc.*, 2022 WL 1482010, at *3 (E.D. Va. May 10, 2022)) ("While it is true that one district court within the Fourth Circuit has recently adopted the approach set forth in *Swales*, the Court agrees with Plaintiffs that this one case is an extreme outlier." (citation omitted)).

allegations, however, will not suffice. *Bernard v. Household Int'l, Inc.*, 231 F. Supp. 2d 433, 435 (E.D. Va. 2002). "The primary focus in this inquiry is whether the potential plaintiffs are 'similarly situated with respect to the legal and, to a lesser extent, the factual issues to be determined.'" *URS Corp.*, 591 F. Supp. 2d at 831 (quoting *Choimbol*, 475 F. Supp. 2d at 563). At this stage, the Court "does not resolve factual disputes" or address "substantive issues." *Chapman v. Saber Healthcare Grp., LLC*, 623 F. Supp. 3d 664, 672 (E.D. Va. 2022). "There must be sufficient reason to believe that there are issues common to the proposed class that are central to the disposition of the FLSA claims and that such common issues can be substantially adjudicated without consideration of facts unique or particularized as to each class member." *URS Corp.*, 591 F. Supp. 2d at 832.

Ultimately, the burden is on the plaintiff to show that conditional certification and notice are appropriate. *See Gregory v. Belfor USA Grp., Inc.*, No. 2:12-cv-11, 2012 WL 3062696, at *3 (E.D. Va. July 26, 2012). If a plaintiff does not meet his burden, "the court can 'deny certification' without the need to proceed to the second stage." *Chapman*, 623 F. Supp. 3d at 672. "If the court conditionally certifies the collective, the suit proceeds to the second step: the decertification stage. The decertification stage occurs after discovery is 'virtually complete,' and begins when a defendant files a motion to decertify the collective." *Id.* (quoting *Choimbol*, 475 F. Supp. 2d at 563). "Ultimately, the Court retains discretion to decide whether to conditionally certify Plaintiff's proposed collective action." *O'Brien v. Smoothstack, Inc.*, No. 1:23-cv-491, 2024 WL 1356674, at *6 (E.D. Va. Mar. 28, 2024).

Here, the parties' three main disputes are (1) whether Defendant is an "employer" for the purposes of FLSA liability; (2) whether the proposed class members are similarly situated; and (3) the scope of the proposed class. The Court will address each in turn.

### 1. Whether Defendant is the "Employer"

FLSA defines an "employee" as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). The statutory definition of an employer under the Act "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Id.* § 203(d). "'Person' means an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a).

Defendant does not contest that a practice of not paying overtime to employees who worked in excess of forty (40) hours per week violates FLSA. Instead, Defendant contends that, if the proposed class members experienced such a practice, Defendant was not the "employer" who promulgated such practice. Dkt. 35 at 6. Rather, Defendant asserts that the various intermediary companies who staffed the proposed class members to the DHMSM contract are the relevant "employers" for the purposes of FLSA. *Id.* at 6–7. Although Defendant alleges that the subcontractors, not Leidos, were responsible for payment of the proposed class members, at this stage, the Court does "not engage in resolving factual disputes." *O'Brien*, 2024 WL 1356674, at *6; *see* Dkt. 35 at 4.

Consequently, the Court finds that Plaintiffs have presented evidence sufficient to establish that Defendant is an "employer" for the purposes of a motion to certify class. Such evidence includes affirmations from multiple proposed-class-member employees. The employees affirmed that during their "time working for Defendant, [they] believed that [their] job position[s] w[ere] permanent with Leidos" and they "relied on Leidos as [their] employer." Dkt. 30-3 ¶ 4; Dkt. 30-4 ¶ 4 Dkt. 30-5 ¶ 4; Dkt. 30-6 ¶ 4; Dkt. 30-7 ¶ 4; Dkt. 30-8 ¶ 4; Dkt. 30-9 ¶ 4; Dkt. 3-10 ¶ 4; Dkt. 30-11 ¶ 4; Dkt. 30-12 ¶ 4; Dkt. 30-13 ¶ 4. Each also avers that Leidos set their rate of pay and paid them on an hourly basis through various intermediary companies or through Leidos itself.

Dkt. 30-3 ¶ 8; Dkt. 30-4 ¶ 9; Dkt. 30-5 ¶ 8; Dkt. 30-6 ¶ 8; Dkt. 30-7 ¶ 8; Dkt. 30-8 ¶ 8; Dkt. 30-9 ¶ 8; Dkt. 30-10 ¶ 8; Dkt. 30-11 ¶ 8; Dkt. 30-12 ¶ 8; Dkt. 30-13 ¶ 8. Each alleges that they worked in excess of 40 hours during at least one work week and were not paid the time and a half they were owed. *See, e.g.*, Dkt. 30-3 ¶ 12. The Court finds that at this stage, such evidence sufficiently establishes that Leidos is an "employer" to whom the practice of failing to pay overtime may be attributed, for the purposes of FLSA liability.[3]

### 2. Whether the Proposed Class Members are Similarly Situated

It is Plaintiffs' burden to show "that potential plaintiffs are 'similarly situated.'" *O'Brien*, 2024 WL 1356674, at *7 (quoting *Winks v. Va. Dep't of Transp.*, No. 3:20-cv-420, 2021 WL 2482680, at *2 (E.D. Va. June 17, 2021)). "[P]laintiffs are similarly situated when they 'together were victims of a common policy or plan that violated the law.'" *Chapman*, 623 F. Supp. 3d at 673 (E.D. Va. 2022) (quoting *Choimbol*, 475 F. Supp. 2d at 564). In this case, Defendant argues that the potential plaintiffs are not similarly situated because they are staffed to the DHMSM contract by eight different subcontractors and the plaintiffs and putative plaintiffs have different job duties. Dkt. 35 at 17.

"In determining whether potential plaintiffs are similarly situated, the 'primary focus . . . is on legal issues[,]' and 'plaintiffs' and prospective class members' circumstances do not need to be factually identical.'" *O'Brien*, 2024 WL 1356674, at *7 (alterations in original) (quoting *Edwards v. Optima Health Plan*, No. 2:20-cv-192, 2021 WL 1174724, at *4 (E.D. Va. Mar. 29, 2021)). "While the standard is 'fairly lenient,' it does require more than bare assertions like relying solely

---

[3] In addition, whether a defendant is actually a joint employer under FLSA is "a merits issue properly addressed at the decertification stage." *Chapman*, 623 F. Supp. 3d at 679.

on job descriptions to show that individuals are similarly situated." *O'Brien*, 2024 WL 1356674, at *7 (quoting *Roldan v. Bland Landscaping Co., Inc.*, 341 F.R.D. 23, 28 (W.D.N.C. 2022)).

Here, the Court finds that Plaintiffs have met their burden to establish that the proposed plaintiffs are similarly situated because they are alleging a common policy or plan that violated the law. In particular, their declarations all allege that each declarant was not paid overtime for hours worked in excess of 40 hours per week. *O'Brien*, 2024 WL 1356674, at *7 ("Courts have found that where defendants have a policy of not paying employees overtime even where they work over 40 hours in a week, conditional certification is appropriate."); *see, e.g.*, Exh. 3 ¶ 12. Although Plaintiffs do not cite a written policy preventing compensation for overtime, "an 'unwritten policy' can satisfy the similarly situated requirement if the 'numerosity and geographic diversity' of the presented declarations demonstrate that violations were consistent across different facilities and supervisors." *Chapman*, 623 F. Supp. 3d at 674 (quoting *MacGregor v. Farmers Ins. Exch.*, 2011 WL 2981466, at *4 (D.S.C. July 22, 2011)). Accordingly, at this stage, the Court determines "whether Plaintiff has presented sufficient evidence to show that there were unwritten policies," that were "consistently applied," that did not compensate Plaintiffs for overtime. *Id.* "[T]he submission of consistent employee declarations has long been treated as sufficient to justify conditional certification." *Id.* at 676.

In this case, the eleven (11) declarations originally submitted in support of the Motion for Conditional Certification consistently describe Defendant's purported overtime practice. For instance, the putative plaintiffs stated that they were "not paid time and a half overtime for the hours [they] worked over 40 in a week." *See, e.g.*, Dkt. 30-3 ¶ 12; Dkt. 30-4 ¶ 13; Dkt. 30-5 ¶ 12; Dkt. 30-6 ¶ 12; Dkt. 30-7 ¶ 12; Dkt. 30-8 ¶ 12; Dkt. 30-9 ¶ 12; Dkt. 30-10 ¶ 12; Dkt. 30-11 ¶ 12; Dkt. 30-12 ¶ 12; Dkt. 30-13 ¶ 12. Such statements show that Defendant's purported overtime

practice was consistently applied to all the putative plaintiffs, regardless of any difference in job duty or staffing company. Thus, Plaintiffs have presented sufficient evidence to warrant conditional certification. *See Chapman*, 623 F. Supp. 3d at 674, 676, 678 (concluding that conditional certification is appropriate when "the presented declarations demonstrate that violations were consistent across different facilities and supervisors"). In addition, Plaintiffs have included, within their declarations, portions of paystubs that support their assertions that they were not paid overtime wages. *See e.g.*, Dkt. 30-4 ¶ 13.

### 3. Scope of Proposed Class

Defendants argue that even if the Court finds that conditional certification is appropriate, the proposed class is too broad. Dkt. 35 at 4. Plaintiffs propose a class of "all Leidos' Straight Time Workers on the DHMSM project." Dkt. 96 at 3. For the reasons below, the Court finds that Plaintiffs' proposed class definition is too broad and will adopt a narrower class definition.

"Certification of a nationwide class . . . generally requires personal knowledge that the policies extend to other facilities." *Smith v. Smithfield Foods, Inc.*, No. 2:21-cv-194, 2021 WL 6881062, at *10 (E.D. Va. Dec. 21, 2021), *report and recommendation adopted*, No. 2:21-cv-194, 2022 WL 407378 (E.D. Va. Feb. 9, 2022); *see also Chapman*, 623 F. Supp. 3d at 677 ("Plaintiff's sample is far too small and homogenous for the Court to conclude that it is representative of all facilities, and the record is devoid of evidence demonstrating that [Defendant] directed the unlawful . . . practices. Conditional certification is thus appropriate only with respect to the facilities identified in the four declarations."). In addition, "the collective must be composed of only those positions that face" Defendant's practice of not paying overtime. *Chapman*, 623 F. Supp. 3d at 677–78.

Defendant concedes that, if the Court finds that conditional certification of the proposed class is appropriate, Plaintiffs' evidence supports the following class: "(a) Trainers,[4] (b) working for [ALKU/Holland Square, ECCO Select, BlueRidge, NetVision and Bridgemore], (c) on the DHMSM contract." Dkt. 130-4 (Defendant's Proposed Supplemental Brief) at 4. The evidence Plaintiffs have provided supports this definition with a minor modification; Plaintiffs' supplemental evidence supports expanding this definition to include employees who held the position of "Ambulatory SME," "Clinical Informaticist," and "Tier 3 Support Analyst." Dkt. 122-1, Exs. A, B. The additional evidence presented by Plaintiffs establishes that (1) employees from the five listed subcontracting companies; (2) who held the positions named above; (3) who worked on the DHMSM contract; (4) worked in excess of forty (40) hours per week; (5) and were paid at the same rate for hours worked in excess of forty (40) hours per week as for normal full-time hours worked. *See* Dkt. 122-1.

Plaintiffs' proposed class definition of "all Leidos' Straight Time Workers on the DHMSM project" is not supported by the evidence. Dkt. 96 at 3; *Chapman*, 623 F. Supp. 3d at 677–78 (limiting class to job title and facilities named in declarations). Plaintiffs' declarations come from the job titles discussed above, "and they provide little to no information about the experiences of any individuals in other positions." *Id.* at 678. "[S]tatements like '[f]rom my experience . . . working closely with [putative collective members] throughout the country and through socializing with them,' '[i]t is my understanding,' and 'I believe that' [are] insufficient to

---

[4] Plaintiff's evidence refers to the proposed class members' job positions as multiple titles that are a variation of "trainer": "Deployment Trainer," "Health Informatics Trainer," "EMR Trainer," "Lead Training Coordinator," "Medical Health System Genesis Trainer," "Training Specialist II," and "Training Specialist." Dkt. 30-3 ¶ 3; Dkt. 30-4 ¶ 3; Dkt. 30-5 ¶ 3; Dkt. 30-6 ¶ 3; Dkt. 30-7 ¶ 3; Dkt. 30-8 ¶ 3; Dkt. 30-9 ¶ 3; Dkt. 30-10 ¶ 3; Dkt. 30-11 ¶ 3; Dkt. 30-12 ¶ 3; Dkt. 30-13 ¶ 3.

support a nationwide collective." *Id.* at 677 (quoting *Bernard v. Household Int'l, Inc.*, 231 F. Supp. 2d 433, 435–36 (E.D. Va. 2002)). Likewise, declarants' statements that

> Based on [their] personal knowledge drawn from [their] experience and observations working for Defendant; conversations with other Defendant's hourly employees, my supervisors, and managers at Defendant; and [their] familiarity with Defendant's software, forms, and payroll practices and policies, [they] know that other hourly employees who worked for Leidos were paid straight time for overtime regardless of job position, job location, or other individualized factors,

are too speculative to certify a nationwide class. *See, e.g.*, Dkt. 30-3 ¶ 14.

Accordingly, the Court rejects Plaintiff's proposed class definition and will conditionally certify the following class:

> Employees who (1) worked on the DHMSM contract; (2) were staffed from the following subcontracting companies: ALKU/Holland Square, ECCO Select, BlueRidge, NetVision, or Bridgemore; (3) held one of the following job titles: "Deployment Trainer," "Health Informatics Trainer," "EMR Trainer," "Lead Training Coordinator," "Medical Health System Genesis Trainer," "Training Specialist II," "Training Specialist," Ambulatory SME," "Clinical Informaticist," or "Tier 3 Support Analyst"; and (4) were not paid overtime for hours worked in excess of forty (40) hours per week.

### 4. Substance and Method of Class Notification

"District courts have broad discretion over the dissemination of notice." *Chapman*, 623 F. Supp. 3d at 680. The parties dispute several aspects of both the substance and method of the class notification. In the interests of efficiency and fairness, the Court will order the parties to confer and file a mutually acceptable notice and proposed method of notification for the Court's consideration. *Midkiff*, 640 F. Supp. 3d at 497 (ordering that "counsel for the parties are to confer and file a mutually acceptable notice").

### B. Motion to Exclude Declaration of Cathy Zagar

Plaintiffs argue that Cathy Zagar's declaration (Dkt. 35-1) should be excluded from the Court's consideration in ruling on the Motion for Conditional Certification. Dkt. 95 at 1. Plaintiffs

argue that Ms. Zagar lacked personal knowledge over the matters to which she swore in her declaration. *Id.* At this time, the Court need not address Plaintiffs' Motion to Exclude Declaration of Cathy Zagar (Dkt. 94). Thus, it is denied without prejudice.

Plaintiffs are correct that under Federal Rule of Evidence 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." As stated above, at this stage of conditional certification, the Court does "not engage in resolving factual disputes." *O'Brien*, 2024 WL 1356674, at *6 (citation omitted); *see Chapman*, 623 F. Supp. 3d at 677 n.7 (disregarding evidence that contradicted plaintiff's evidence in support of his motion for conditional certification of class).

Plaintiffs seek to exclude the Zagar Declaration because they allege that Ms. Zagar did not have personal knowledge of the matters to which she attested. Dkt. 95 at 1. Even if she did have personal knowledge, Ms. Zagar offers this declaration as an attempt to contradict the facts in support of Plaintiffs' Motion for Conditional Certification. *Id.* at 1–2.[5] Plaintiffs have offered enough evidence at this stage for the Court to conclude that Leidos imposed pay policies in violation of FLSA. *See, e.g.*, Dkt. 30-4 ¶ 13 (stating that putative plaintiffs were "not paid time and a half overtime for the hours [they] worked over 40 in a week"); Dkt. 30-8 at 1–2 (stating that Leidos employee would direct putative plaintiff to modify time sheet to reflect fewer hours worked than actually worked); Dkt. 30-4 ¶ 4 (stating that putative plaintiff "relied on Leidos as [his/her] employer"). Ms. Zagar's competing statements must be resolved at a later time. At this stage, the Court does not resolve factual disputes and thus has not considered Ms. Zagar's declaration for

---

[5] Plaintiffs contest the following content of the Zagar Declaration: "(1) Leidos doesn't impose pay policies on its subcontractors; (2) Leidos requires its subcontractors to pay overtime compensation; (3) Leidos doesn't delegate how its employees are classified; (4) Leidos's subcontractors use their own payroll and timekeeping systems; and (5) Leidos's timesheet approval process does not affect employees' overtime compensation." Dkt. 95 at 1–2.

those purposes. For this reason, the Court will deny, without prejudice, Plaintiff's Motion to Exclude.

### III. CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiffs' Motion for Leave to File Additional Supplement (Dkt. 121). The Court will also **GRANT in part and DENY in part** Plaintiffs' Motion for Conditional Certification (Dkt. 29), as Plaintiff's evidence does not support as broad a class as Plaintiffs seek to certify. The Court will **DENY, without prejudice,** Plaintiffs' Motion to Exclude Declaration of Cathy Zagar (Dkt. 94).

A separate order will issue.

Entered this 27th day of March, 2025.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge